**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JACK ALBERT PATTERSON, | ) | |
| Petitioner, | ) | 3:10-cv-00634-ECR-VPC |
| vs. | ) | |
| JACK PALMER, et al., | ) | ORDER |
| Respondents. | ) | |

The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and he has paid the filing fee. The petition will be ordered filed and docketed, and served upon the respondents, but the respondents will not yet be required to respond to it.

It appears to the Court that the grounds for relief in the petition are currently unexhausted in state court. Petitioner is advised that he must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).

A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v.*

1  *Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).  If a single one of the claims in the petition is unexhausted,
2  therefore, the Court is obliged to dismiss the petition for lack of exhaustion.  After reviewing the petition
3  in this case, it appears to the Court that all of petitioner's claims may be unexhausted.

4  According to the petition, petitioner did not present his claims to the Nevada Supreme
5  Court.  *See* pages 4 and 6 of the petition (admitting failure to exhaust grounds for relief).  From the face
6  of the petition, therefore, petitioner has admitted that his claims for relief have not yet been exhausted
7  in state court.   Additionally, it appears that the petition is untimely under the one-year statute of
8  limitations provided by the AEDPA at 28 U.S.C. § 2244(d).  He admits that his post-conviction appeal
9  was decided on October 4, 2007, but that he did not present the instant federal petition for mailing until
10 September 30, 2010.  Thus more than one year has past while not appeal or petition was pending before
11 the state courts which might toll the limitations period.

12 Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss
13 such a petition where it is clear on its face that no relief is available.  The petition shall be dismissed
14 without prejudice.  Petitioner may, if he can, prepare and file new petition in a new action, if he can
15 demonstrate that he has actually exhausted his claims and that he has not allowed the statute of
16 limitations to expire without having a properly filed petition pending in this court or in a state court.

17 **IT IS THEREFORE ORDERED** that the Petition is **DISMISSED WITHOUT**
18 **PREJUDICE.**  The Clerk shall enter judgement accordingly.

19 Dated this 26th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE